BROWNE GEORGE ROSS LLP
Eric M. George (State Bar No. 166403)
  egeorge@bgrfirm.com
Elena Nutenko (State Bar No. 289708)
  enutenko@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Ashleigh Erwin

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ASHLEIGH ERWIN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> GREGORY SESTERO, an individual; SIMON & SCHUSTER, INC., a New York corporation; AND DOES 1-10, <br><br> Defendants. | Case No. CV14-03890-RSWL (PJWx) <br> Assigned to Judge Ronald S. W. Lew <br><br> **FIRST AMENDED COMPLAINT** |

463020.1

FIRST AMENDED COMPLAINT

Plaintiff Ashleigh Erwin ("Plaintiff"), by and through her counsel, alleges against defendants Gregory Sestero ("Sestero") and Simon & Schuster, Inc. ("S&S") (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1. Plaintiff is the author of substantial portions of a book titled *The Disaster Artist: My Life Inside the Room, the Greatest Bad Movie Ever Made* (the "Book"). Plaintiff devoted more than a year to working on the Book. Despite her significant contributions to the Book, Defendants Greg Sestero, who is a co-author, and Simon & Schuster, Inc., who is the Book's publisher, have refused to acknowledge Plaintiff's role in connection with the Book and have refused to pay Plaintiff any compensation for her work on the Book. Plaintiff therefore has been forced to file this action to vindicate her rights.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the present action pursuant to 28 U.S.C. §§1331 and 1338(a), as this action arises under the Copyright Act. In addition, Plaintiff seeks a declaration pursuant to 28 U.S.C. §2201(a) regarding the ownership of the copyrighted work. The Court has supplemental jurisdiction over Plaintiff's state law causes of action pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

## THE PARTIES

4. Plaintiff Ashleigh Erwin resides in Los Angeles County, California.

5. Upon information and belief, defendant Gregory Sestero resides in Los Angeles County, California. Upon information and belief, Sestero transacts business in California. In addition, Plaintiff worked with Sestero on the Book in Los Angeles County.

6. Upon information and belief, defendant Simon & Schuster, Inc. is a New York corporation, with its principal place of business in New York, New York. Upon information and belief, S&S transacts substantial business in Los Angeles County and California.

## FACTS

7. Plaintiff and Sestero had a relationship beginning in 2005. Sestero was and is, among other things, an actor. One of the films in which he has appeared is *The Room*. *The Room* was released in 2003, and subsequently became a cult hit.

8. During 2009-2011, Sestero and Plaintiff lived in Plaintiff's parents' home, while Sestero traveled for appearances relating to *The Room*. Sestero did not pay for any housing related expenses during that period.

9. In or about spring 2007, Plaintiff developed the idea of writing a book about *The Room*. Plaintiff wrote the first draft of a book proposal in October 2010.

10. Sestero provided a copy of the book proposal to Tom Bissell, a journalist who had previously written an article in *Harper's* magazine about *The Room*. At that time, Bissell was living in Portland, Oregon, and was teaching at Portland University. Bissell initially declined to participate in the writing of the proposed book, as he felt he had too many other commitments, including teaching. He did, however, help locate an agent for the proposal. Ultimately, Bissell agreed to become a co-writer, and entered into an oral agreement to share any revenue from the book equally with Sestero.

11. In May 2011, Simon & Schuster entered into an agreement with Sestero and Bissell for the Book.

12. In July 2011, Bissell sent Sestero a rough draft of chapters 1 and 2 for the book. Sestero and Plaintiff were shocked at the poor quality of the chapters. Plaintiff began editing the chapters and contributing her own original material.

13. In August 2011, Bissell sent a draft of chapter 3. This draft was also inadequate.

14. By August 2011, Bissell had only written three chapters in four months, and the quality of the writing was unsatisfactory. Sestero therefore asked Plaintiff to help write the Book. Sestero stated that if Plaintiff would co-write the Book, Sestero would give Plaintiff half of whatever revenue Sestero received in connection with the Book, including but not limited to film rights, international rights, advances and royalties, as well as three incentives—$10,000 if it was on the *New York Times* Bestseller list, $20,000 if it was a National bestseller, and $38,000 if it was an International bestseller. Plaintiff accepted Sestero's offer and the agreement was formed (the "Joint Author Agreement"). The Agreement is reflected in a document that was written that day. Plaintiff and Sestero agreed that, while Plaintiff was working on the Book, Plaintiff would suspend her career and would defer enrolling in school.

15. Sestero stated that he had already spent the first installment of the advance he had received when the contract with S&S was executed, but would pay Plaintiff the entire amount of the second installment of the advance he was to receive after the complete manuscript had been submitted to and accepted by S&S.

16. After Plaintiff and Sestero agreed on the Joint Author Agreement, Plaintiff worked nearly full time on the Book. Plaintiff spent much of October, November and December 2011 working on the Book. Plaintiff did her writing primarily on her desktop computer or on a laptop that she shared with Sestero.

17. Bissell did virtually no writing during that period, as he was working on other jobs, including teaching. In December 2011, Sestero drafted a letter firing Bissell from the project. Ultimately, however, Sestero did not send the letter.

18. In or around February 2012, Sestero agreed to tell S&S that Plaintiff was a co-author of the Book, so Plaintiff could receive credit as a co-author.

19. Plaintiff continued working on the Book in 2012, including writing the majority of what ultimately became Chapters 15 and 16, the complete initial version

463020.1

-3-

FIRST AMENDED COMPLAINT

of Chapter 17, as well as the entire Author's Note, and the rewriting, editing and co-authoring of all other chapters.

20. Much of Plaintiff's work is contained verbatim, or virtually verbatim, in the published version of the Book. In addition to the specific words Plaintiff wrote, the Book also contains numerous other manifestations of Plaintiff's contributions, including but not limited to structure, tone, theme and scenes Plaintiff had suggested.

21. On information and belief, the first draft of the completed manuscript was sent to S&S no earlier than June or July 2012. After the manuscript was submitted, Plaintiff asked Sestero if he had received the second portion of the advance. Sestero stated that he had not. Sestero did not tell Plaintiff he had received the second portion of the advance until months later. At that time, Sestero stated that the advance needed to remain in the account in which it had been deposited, but he would provide it to Plaintiff when it was released or he would compensate Plaintiff from appearance funds that he stated he was waiting to receive.

22. In December 2012, Sestero consulted with an attorney to draft a contract reducing Bissell's percentage of revenue from the Book, due to Bissell's failure to perform the writing he had promised to do. The contract was sent to Bissell that month, but Bissell refused to sign it.

23. In December 2012, Plaintiff gave Sestero a deadline of January 2013 to tell S&S that Plaintiff was a co-author of the Book, and that Plaintiff should receive credit as an author. In February 2013, Sestero told Plaintiff that he had informed S&S by text message of Plaintiff's role. Sestero showed Plaintiff an ambiguous email response that was purportedly from S&S, but refused to show Plaintiff the text he had purportedly sent.

24. In March 2013, Plaintiff consulted with an attorney to have the Joint Author Agreement drafted into a formal written contract. When Sestero was informed of this, he told Plaintiff he was no longer willing to comply with the Joint

Author Agreement, and instead would only pay her 50% of his share of the advance from S&S.  The relationship between Plaintiff and Sestero ended at that time.

25. In mid-April, Sestero sent Plaintiff a text message apologizing for reneging on their Joint Author Agreement.  Sestero then asked Plaintiff if she would assist him if he sued Bissell for failing to fulfill his writing obligations with respect to the Book.  Plaintiff asked Sestero to sign their two agreements.  One was the agreement to reimburse Plaintiff for certain expenses, including expenses she had incurred while writing the Book and reimbursement for the school tuition she had deferred while working on the Book (the "Reimbursement Agreement").  Sestero signed the Reimbursement Agreement.  The second agreement was a formal written agreement reflecting the terms of the Joint Authorship Agreement.  Sestero stated that he would sign it, but wanted to make sure it was written in a way that would protect him from any potential claims by S&S.  Plaintiff had an attorney draft the agreement and sent it to Sestero.  Sestero never responded.

26. On or about May 20, 2013, counsel for Plaintiff sent a letter informing S&S that Plaintiff had contributed substantial copyrightable material to the Book and that S&S did not have her authorization to publish said copyrightable contributions.  Counsel for S&S responded with a letter asserting that Plaintiff had not created any copyrightable material and that Plaintiff was not a joint author.

27. The Book was released in or about October 2013.

## CLAIMS FOR RELIEF

### First Claim for Relief

**(Copyright Infringement, 17 U.S.C. §101 *et seq*.; Against All Defendants)**

28. Plaintiff incorporates by reference paragraphs 1 through 26, inclusive, as though set forth in full herein.

29. Plaintiff is the sole copyright owner of the copyrightable material she contributed to the Book and has filed an application to register her copyrightable material.

30. Plaintiff has not consented to the use of her material in the Book absent compensation and/or credit.

31. The portions of the Book that contain the copyrightable material that Plaintiff contributed to the Book infringe Plaintiff's exclusive rights under the Copyright Act.

32. Plaintiff is entitled to damages under the Copyright Act.

33. Upon information and belief, Defendants' infringement of Plaintiff's rights under the Copyright Act are willful, and were taken with oppression, fraud and malice, and in conscious disregard of Plaintiff's rights.

## Second Claim for Relief

### (Declaratory Relief; Against All Defendants)

34. Plaintiff incorporates by reference paragraphs 1 through 32, inclusive, as though set forth in full herein.

35. Plaintiff is the author of substantial copyrightable portions of the Book.

36. Plaintiff asserts that she is either the sole author of substantial portions of the Book or, in the alternative, a joint author of the Book.

37. Defendants have asserted that Plaintiff does not have any copyright interest in the Book.

38. An actual controversy has accordingly arisen and exists between Plaintiff, on the one hand, and Sestero and S&S, on the other hand.

39. Declaratory relief is necessary to resolve the foregoing actual controversy regarding Plaintiff's rights in the Book.

40. Plaintiff seeks a declaration that she is the sole author of portions of the Book.

41. In the alternative, Plaintiff seeks a declaration that she is a joint author of the Book within the meaning of the Copyright Act, and has all joint authorship rights provided by law with respect to the Book.

42. Plaintiff has no adequate remedy in the ordinary course of law other

than the relief sought herein.

### Third Claim for Relief

### (Accounting; Against Sestero)

43. Plaintiff incorporates by reference paragraphs 1 through 41, inclusive, as though set forth in full herein.

44. As a result of her copyright interests in the Book, Plaintiff is entitled to an accounting from Sestero of all revenue and/or other consideration that have been and will be paid in connection with the Book.

45. Plaintiff has not received any accounting concerning the exploitation of the Book.

46. An accounting is necessary to determine the amounts Plaintiff is entitled to receive in connection with the exploitation of the Book.

### Fourth Claim for Relief

### (Breach of Joint Author Agreement; Against Sestero)

47. Plaintiff incorporates by reference paragraphs 1 through 45, inclusive, as though set forth in full herein.

48. The Joint Author Agreement is a valid agreement.

49. Plaintiff has performed all, or substantially all, of the significant things she was required to do pursuant to the Joint Author Agreement.

50. All conditions required for Sestero's performance of the Joint Author Agreement have occurred.

51. Sestero has failed to perform his obligations pursuant to the Joint Author Agreement by, among other things, failing to make the payments Plaintiff is entitled to receive pursuant to the Agreement.

52. Plaintiff has been harmed by Sestero's breach of the Joint Author Agreement.

463020.1

-7-

FIRST AMENDED COMPLAINT

## Fifth Claim for Relief

### (Breach of Reimbursement Agreement; Against Sestero)

53. Plaintiff incorporates by reference paragraphs 1 through 51, inclusive, as though set forth in full herein.

54. The Reimbursement Agreement is a valid agreement.

55. Plaintiff has performed all, or substantially all, of the significant things she was required to do pursuant to the Reimbursement Agreement.

56. All conditions required for Sestero's performance of the Reimbursement Agreement have occurred.

57. Sestero has failed to perform his obligations pursuant to the Reimbursement Agreement by, among other things, failing to make all the payments to Plaintiff required by the Agreement.

58. Plaintiff has been harmed by Sestero's breach of the Reimbursement Agreement.

## Sixth Claim for Relief

### (Fraud; Against Sestero)

59. Plaintiff incorporates by reference paragraphs 1 through 57, inclusive, as though set forth in full herein.

60. Sestero induced Plaintiff to enter into the Joint Author Agreement by promising he would make the payments provided by that Agreement.

61. Sestero's promise was important to Plaintiff's agreement to enter into the Joint Author Agreement and her subsequent performance of her obligations pursuant to that Agreement.

62. On information and belief, Sestero did not intend to perform his promises when he made them.

63. On information and belief, Sestero intended that Plaintiff would rely on Sestero's promises.

64. Plaintiff reasonably relied on Sestero's promises.

65. Sestero did not perform his promises pursuant to the Joint Author Agreement.

66. Plaintiff has been harmed as a result of Sestero's acts.

67. Plaintiff's reliance on Sestero's promises was a substantial factor in causing her harm.

68. Sestero's wrongful actions were taken with oppression, fraud and/or malice.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks that this Court grant judgment against Defendants for the following:

A. For actual and compensatory damages in an amount to be proven at trial, and for interest thereon at the highest lawful rate.

B. For statutory damages under the Copyright Act.

C. For a declaration that Plaintiff is the sole copyright owner of the material she contributed to the Book and that the portions of the Book that contain Plaintiff's copyrightable material infringe Plaintiff's exclusive rights as a copyright owner. In the alternative, Plaintiff seeks a declaration that she is a joint author of the Book within the meaning of the Copyright Act and has all joint authorship rights provided by law with respect to the Book.

D. For an accounting to Plaintiff of all profits obtained by Defendants from sales of the Book, of all revenue and/or other consideration that have been paid to Sestero and others in connection with the Book, and all ancillary and/or related material, and an order that all profits and all amounts paid or to be paid to Sestero and others in connection with the Book, and all ancillary and/or related material be held in a constructive trust for the benefit of Plaintiff.

E. For exemplary and punitive damages with respect to Plaintiff's fraud claim against Sestero.

F. For prejudgment interest.

G. For Plaintiff's costs of suit incurred herein.

H. For Plaintiff's attorneys' fees; and

I. For such other and further relief as the Court may deem just and proper.

Dated: August 7, 2014

BROWNE GEORGE ROSS LLP
Eric M. George
Elena Nutenko

By    s/ Eric M. George
       Eric M. George
Attorneys for Plaintiff Ashleigh Erwin

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: August 7, 2014                BROWNE GEORGE ROSS LLP
                                                                        Eric M. George
                                                                        Elena Nutenko

                                                       By    <u>s/ Eric M. George</u>
                                                                        Eric M. George
                                                   Attorneys for Plaintiff Ashleigh Erwin